UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRUCE L. SPECKERT, | |
| Plaintiff, | NO. CIV. S-05-02012 FCD GG |
| v. | MEMORANDUM AND ORDER |
| OLD UNITED CASUALTY COMPANY, a Kansas Corporation, d/b/a VANTAGE CASUALTY COMPANY; WORLDWIDE MARINE UNDERWRITERS, INC., a Michigan corporation; ROBERT CHARLES LUELLEN, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

----oo0oo----

This matter comes before the court on defendants' Worldwide Marine Underwriters, Inc. ("Worldwide") and Robert Charles Luellens' ("Luellen") motions to dismiss or transfer this case for improper venue, or, in the alternative, to transfer venue for convenience of the parties and witnesses and in the interest of justice.  Plaintiff Bruce L. Speckert ("Speckert") and defendant

1

Old United Casualty Company ("Old United") oppose the motions. For the reasons set forth below,[1] defendants' motions are DENIED.

## BACKGROUND

Defendant Worldwide is a Michigan corporation with its principal place of business in Michigan. (Defs.' Mot., filed Oct. 18, 2005, at 2; Declaration of Robert C. Luellen ("Luellen Decl."), filed Oct. 18, 2005, ¶ 2). Worldwide is an agent and general managing agent for various insurers, including co-defendant Old United. (Defs.' Mot. at 2). Defendant Luellen is a resident of Michigan. (Luellen Decl. ¶ 4). Luellen is a Michigan insurance agent and the vice-president of Worldwide. (Id. ¶¶ 2, 4).

In late August 2000, Luellen was contacted by a boat dealership which had recommended Worldwide to assist plaintiff Speckert in finding insurance for a performance boat. (Id. ¶ 5). Speckert is a resident of Nevada. Luellen spoke with Speckert over the telephone, and Speckert chose insurance coverage under a policy issued by defendant Old United. (Id.)

Old United is a Kansas Corporation that does business in California. (Declaration of Douglas E. Semler ("Semler Decl."), filed Nov. 11, 2005, ¶ 3). On September 1, 2000, Old United and Speckert entered into a contract to insure Speckert's performance boat. (Id. ¶ 6). The Old United policy had effective dates of September 1, 2000 to September 1, 2001. (Id. ¶ 7). Worldwide was the agent that secured the insurance contract. (Id. ¶ 6).

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

Old United issues it policies based upon the mooring address of the vessel. (Id. ¶ 10). Old United initially rejected Speckert's application for insurance coverage that listed a mooring address in Nevada; but, it later accepted Speckert's application that listed a California mooring address. (Id. ¶¶ 8-12). Old United considered the insurance contract a California contract. (Id. ¶ 12). Old United renewed its insurance contract with Speckert on September 1, 2001. The new insurance contract was effective from September 1, 2001 through September 1, 2002. Prior to the renewal date, the mailing and mooring address were changed to reflect Speckert's home address in Nevada. (Old United Opp'n, filed Nov. 11, 2002, at 3).

In 2001, Worldwide learned that Old United would no longer write insurance contracts for performance boats. (Luellen Decl. ¶ 5). Worldwide helped Speckert find insurance with Markel American Insurance Co. ("Markel"). (Id. ¶ 6). The Markel policy was effective from September 1, 2002 to September 1, 2003. (Id.)

On or about September 2, 2002, Speckert tied his boat off in Tahoe Vista, California. (Old United Opp'n at 3). On September 3, 2002, the boat was severely damaged by a storm. (Id.) Subsequently, Speckert filed a lawsuit in the U.S. District Court for the Northern District of Nevada against Markel, Worldwide, and Luellen based upon the denial of an insurance claim in relation to the damage to the boat. (Luellen Decl. ¶¶ 8-9). On November 24, 2004, Speckert accepted an Offer of Judgment against defendants Worldwide and Luellen. (Id. ¶ 11). On December 13, 2004, the district court entered and served on the parties a Stipulation and Order for Dismissal with Prejudice. (Id. ¶ 12).

3

On July 22, 2005, Speckert filed a complaint in the Superior Court of the State of California, Placer County, against Old United, Worldwide, and Luellen. This claim is based upon the denial of an insurance claim in relation to the damage to Speckert's boat in the September 3 storm. On October 5, 2005, defendants Worldwide and Luellen removed the action to this court.

On October 18, 2005, defendants Worldwide and Luellen filed a motion to dismiss or transfer this action for improper venue. In the alternative, Worldwide and Luellen move to transfer this case for convenience or in the interest of justice to the United States District Court for the Northern District of Nevada or to the United States District Court for the Eastern District of Michigan. Defendant Old United and plaintiff Speckert oppose defendants' motions.

**STANDARD**

**A.   28 U.S.C. § 1441**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a). Where the action is removed to federal court from a state court, the district court must determine whether venue is appropriate pursuant to 28 U.S.C. § 1441(a), not the general venue statute codified in 28 U.S.C. § 1391. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953).

**B.   28 U.S.C. § 1404(a)**

Under 28 U.S.C. § 1404(a), a district court may "for the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). A defendant moving to transfer venue under section 1404(a) must therefore satisfy both of the following requirements: (1) the transferee district is one in which the action might have been brought originally; and (2) transfer will enhance the convenience of the parties and witnesses, and is in the interests of justice. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

In considering the second requirement, the court evaluates the following:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

**ANALYSIS**

**A.   Proper Venue in the Eastern District of California**

Defendants argue that this action should be dismissed or transferred because venue is improper in the Eastern District of California. Defendants, however, rely on the general venue statute codified in 28 U.S.C. § 1391 in support of their assertions. This is the inappropriate standard to apply. See

1  <u>Polizzi</u>, 345 U.S. at 665.  Rather, because defendants Worldwide
2  and Luellen removed this case from California state court
3  pursuant to this court's diversity jurisdiction, this court
4  analyzes venue under 28 U.S.C. § 1441(a).  <u>Id.</u>
5     This action was filed in the Superior Court of the State of
6  California, Placer County.  The United States District Court for
7  the Eastern District of California is the federal court presiding
8  over Placer County.  Therefore, venue is proper in this court
9  pursuant to 28 U.S.C. § 1441(a).  Defendant's motion to dismiss
10 or transfer this case on the grounds of improper venue is DENIED.
11 **B.   Section 1404(a) Transfer**
12    In the alternative, Worldwide and Luellen argue that this
13 case should be transferred to the United States District Court
14 for the Northern District of Nevada or to the United States
15 District Court for the Eastern District of Michigan for
16 convenience and in the interest of justice.  Moving defendants
17 contend that this case should be transferred to Nevada because
18 plaintiff's action against Markel, Worldwide, and Luellen was
19 filed in Nevada.  They argue that defendants' counsel from the
20 former action could handle the current matter, and the Nevada
21 district court could decide the res judicata claims that moving
22 defendants anticipate bringing in a motion for summary judgment.
23 (Defs.' Mot. at 9).  If transfer to Nevada is denied, moving
24 defendants argue that this court should transfer the case to
25 Michigan because this is where Luellen, as well as other
26 Worldwide personnel, communicated with Speckert and where
27 Worldwide maintains its records.  (<u>Id.</u> at 9-10).
28 /////

Old United opposes the transfer on the grounds that (1) this case could not have been brought in Nevada or Michigan; and (2) the convenience and interests of justice do not weigh in favor of transferring this case to another venue. Speckert also opposes the transfer on the ground that moving defendants have not satisfied their burden of showing that convenience or justice requires such a transfer.

Considering defendant's showing in light of the factors described in Jones, the court finds defendants have failed to demonstrate that transfer is warranted.[2] First, the location of the relevant agreement favors litigation in this court. While defendants Worldwide and Luellen communicated with Speckert from Michigan, both Worldwide and Old United conduct insurance business in California. (Luellen Decl. ¶ 2; Semler Decl. ¶ 3). Old United considered the insurance contract with Speckert to be a California insurance contact because the original application provided a California mooring address. (Semler Decl. ¶ 12). Further, the policy was sent to the California mailing address included on Speckert's application. (Id. ¶ 14).

Second, the events giving rise to plaintiff's insurance claim arose in California. Speckert's boat was docked in Tahoe Vista, California when it was damaged by a storm. (Old United Opp'n at 3). Based upon the location of the accident, Old United argues that any percipient witnesses to the accident would likely be located in California. (Id. at 4). Further, the boat was

---

[2] Because defendants have failed to meet this requisite element for transfer pursuant to 28 U.S.C. § 1404(a), the court does not address whether this case could have been brought in either Nevada or Michigan.

7

removed from the water by High Sierra Marine, Inc., which is also located in California. Therefore, Old United argues that the convenience of witnesses weighs against the transfer of this case to another forum.

Third, while plaintiff's choice of forum is not his place of residence, and therefore not accorded great weight, Speckert's choice of California as a forum is still entitled to some consideration. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). "In judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both plaintiff's and defendants' contacts with the forum, including those relating to [plaintiff's] cause of action." Id. (citing Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). Here, both Worldwide and Old United do business in California. The underlying accident which gave rise to plaintiff's insurance claim occurred in California. Old United considered the insurance contract with Speckert to be a California contract. Based upon these facts, plaintiff and defendants have considerable contacts with California relating to this action.

Defendants Worldwide and Luellen argue that convenience of the parties and witnesses favors transfer because communications between Worldwide and Luellen took place in Nevada and Michigan and because Worldwide keeps its records in Michigan. However, these arguments weigh only the convenience of Worldwide and Luellen, not the convenience of Speckert or Old United. Thus, moving defendants have not met their burden of showing that convenience weighs in favor of transfer to an alternate forum.

Finally, this court is the most familiar with the governing law. Worldwide and Luellen do not dispute that California law applies in this case, and were the case to be transferred to Nevada or Michigan, those courts would be bound to apply California law. Van Dusen, 376 U.S. at 637-639 (when transfer is granted under § 1404(a), the transferee court in a diversity action must apply the law of the state in which the action was originally filed). Worldwide and Luellen contend that this case should be heard by the Northern District of Nevada because they intend to bring a motion for summary judgment on the basis of *res judicata* in relation to the former case brought by plaintiff against them in Nevada. *Res judicata* principles will be applied by this court if such a motion is brought. However, plaintiff's claims against all defendants involve the application of California law. Therefore, judicial economy is not served by transferring this action to a Nevada court that will apply and interpret California law.

**CONCLUSION**

Venue is proper in this district pursuant to 28 U.S.C. § 1441(a). Further, defendant has not met his burden to show that the convenience of witnesses and interests of justice warrant transfer of this case pursuant to 28 U.S.C. § 1404(a). Thus, defendants' motions are DENIED.

IT IS SO ORDERED.

DATED: December 5, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

9